

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 26, 1975

The Honorable Jack K. Williams
President
Texas A & M University
College Station, Texas 77843

Opinion No. H- 677

Re: Validity of proposed regulation of State Board of Professional Engineers limiting the use of the word engineer in academic titles.

Dear President Williams:

You have requested our opinion regarding the validity of a proposed regulation of the State Board of Professional Engineers limiting the use of the word "engineer" in academic titles. The proposed regulation, Board Rule 23, would provide in pertinent part:

> Engineering titles which are confusing to the Public and which may be interpreted differently under varying circumstances are prohibited. Included in this group are Chief Engineer, Process Engineer, Project Engineer, Plant Engineer, Highway Engineer, Traffic Engineer, Sales Engineer, Utility Engineer, Water Engineer, Design Engineer, City Engineer, Sanitary Engineer, Professor of Engineering, Professor of Chemical (or other) Engineering, Dean of Engineering, Engineering Department Head or the Assistant or Associate of any of these listed titles except that the teaching title of Assistant Professor of Engineering will be allowed until tenure is obtained. (This privilege will not be granted for Engineering Titles above the grade of Assistant Professor. This permissive use of title does not allow the holder to practice Engineering on the public.)

> Special exemption is granted to the Educational
> Community to allow Public identification of visiting
> educators from out of state with their acquired
> titles, provided they do not publicly practice en-
> gineering in Texas other than speaking engagements,
> lecture series or research performed under the
> sponsorship of a recognized college of university.
>
> Non-engineer faculty teaching in Colleges or
> Departments of Engineering should be designated
> by academic rank and teaching field in or of the
> College or Department of Engineering. An example
> of this might be Professor of Applied Mathematics
> in the College of Engineering.

You inquire whether the rule-making authority of the Board extends
to the regulation of academic titles, and our opinion is directed only
to the portion of the rule relating to academic titles such as professor or
dean of engineering. The Texas Engineering Practice Act, article 3271a,
V. T. C. S., vests the Board with rule-making authority as follows:

> . . . to make and enforce all rules and regulations
> necessary for the performance of its duties, to
> establish standards of conduct and ethics for
> engineers in keeping with the purposes and intent
> of this Act or to insure strict compliance with
> and enforcement of this Act. Article 3271a,
> section 8.

The Board contends that proposed Rule 23 is necessary "to insure
strict compliance" with section 1.2(2) of the Act, which provides that a
non-registered individual may not:

> [d]irectly or indirectly, employ, use, cause to be
> used or make use of any of the following terms or
> any combinations, variations or abbreviations
> thereof as a professional, business or commercial
> identification, title, name, representation, claim,
> asset or means of advantage or benefit: 'engineer,'
> 'professional engineer,' 'licensed engineer,'
> 'registered engineer,' 'registered professional
> engineer,' 'licensed professional engineer,'
> 'engineered.'

In Gerst v. Oak Cliff Savings & Loan Ass'n., 432 S.W.2d 702, 706 (1968), the Supreme Court declared:

> The determining factor in . . . dealing with the
> question of whether or not a particular admini-
> strative agency has exceeded its rule-making
> powers is that the rule's provisions must be in
> harmony with the general objectives of the Act
> involved.

The general objectives of the Act are indicated in section 1.1:

> . . . to protect the public health, safety and
> welfare . . . and [to enable] the public . . .
> to identify those duly authorized to practice
> engineering in this state and fix responsibility
> for work done or services or acts performed
> in the practice of engineering. . . .

It seems clear that the "general objectives" of the Act contemplate the protection of the public against persons who "practice" engineering without fulfilling the requirements of registration and licensing. Since a "professor of engineering" does not in such capacity "practice" engineering, we do not believe the regulation of his employment as a professor can reasonably be said to fall within the general objectives of the Act.

In light of the general objectives of the Act, we do not believe that the exercise of the Board's rule-making authority extends to the prohibition of names or terms, such as "professor of engineering," which are not specifically listed in section 1.2(2), which cannot reasonably be deemed to be "combinations, variations or abbreviations thereof" and which do not suggest that the person holding the title practices engineering.

As a result, it is our opinion that the State Board of Professional Engineers may not restrict the use of the word "engineer" in academic titles such as dean or professor of engineering.

## S U M M A R Y

The State Board of Professional Engineers may not restrict the use of the word "engineer" in academic titles such as dean or professor of engineering.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee